Rosa Carreras y Freyres, Rosa Juana, Belén, Mercedes, Adela y María Carreras Freyres, demandantes y apeladas, *v.* José E. Pérez, y su esposa Camelia Paoli y María y Severo Candelario y Becerril, demandados y apelantes.

No. 4543.—*Visto:* Junio 18, 1928. *Resuelto:* Julio 28, 1928.

*José Tous Soto, P. Amado Rivera y Joaquina Pérez,* abogados de los apelantes; *A. Marín Marién,* abogado de las apeladas.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

La parte apelada ha presentado una nueva moción de desestimación en este caso basada en que la sentencia dictada fué notificada a un abogado que no lo era de récord y que la apelación fué interpuesta por dicho abogado sin facultad para ello.

Impugnó el apelante la moción por escrito acompañando a su impugnación varios documentos. Entre ellos, hay una resolución de la corte de distrito de la cual copiamos lo que sigue:

"Aparece de los autos, un escrito de apelación radicado con fecha 23 de marzo, 1928, de María y Severo Candelario Becerril, por conducto del abogado Pedro Amado Rivera, de la sentencia de esta corte de 13 de enero, 1928; y es un hecho que la corte no puede ignorar que aunque el abogado Pedro Amado Rivera no aparece firmando ninguna alegación, compareció al juicio como abogado de dichos María y Severo Candelario y Becerril, en sustitución de Ramón A. Martínez, quien está ausente de Puerto Rico y que el Lcdo. M. Tous Soto compareció como abogado de los demandados, haciéndolo así constar la corte en su sentencia, al expresar que comparecieron 'los demandados por sus abogados M. Tous Soto y Pedro Amado Rivera.' Desde el momento en que el abogado Pedro Amado Rivera compareció al juicio, quedó como abogado de récord de la parte a quien representaba."

Replicaron los apelados alegando que no obstante lo dicho por la corte de distrito, no era abogado de récord el Sr. Rivera porque sólo podía serlo de acuerdo con la regla 26 de las de dicha corte y no se encontraba en ninguno de los casos especificados en la misma.

La regla dice así:

"Un abogado de récord es aquel que ha comparecido en el pleito, y se entenderá que ha comparecido cuando su nombre aparezca suscribiendo las alegaciones o algún convenio de las partes archivado en el pleito; y dicho abogado será considerado con derecho para continuar como tal hasta el fin del pleito, a menos que otra cosa en contrario aparezca del récord."

No hay duda alguna que el abogado Ramón A. Martínez, según se desprende de la propia moción de desestimación, representó a una de las partes demandadas en el litigio. Si dicho abogado está ausente de Puerto Rico y si al acto del juicio compareció el otro abogado Pedro Amado Rivera en sustitución suya y representó a la parte a quien Martínez representaba, parece lógico el curso seguido por el Secretario de la corte sentenciadora, a saber: notificar la sentencia contraria dictada al abogado que últimamente compareciera, y habiendo dicho abogado aceptado la notificación, pudo válidamente interponer el recurso a nombre de la parte interesada.

 Pudo y debió sin duda la actuación del nuevo abogado ser más formal y hubiéranse evitado todas estas dificultades, pero es un hecho que intervino por su compañero ausente de la isla en defensa de los intereses a él encomendados y que como tal lo admitió la corte. El abogado insiste en que ostenta la representación con que compareció y su palabra debe ser creída mientras el crédito que *prima facie* tiene no sea destruido. La regla de la corte citada no se opone a que un abogado sea considerado como tal en casos distintos de los previstos en ella.

La aseveración de las apeladas de que el abogado M. Tous Soto representaba a todas las partes demandadas, está contradicha bajo juramento por el propio abogado Tous.

Por virtud de todo lo expuesto, *debe declararse sin lugar la nueva moción de desestimación de las apeladas.*